IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SUZANNE MCKERNAN,

 Plaintiff,

v.

KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA

 Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SUZANNE MCKERNAN (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby sues the Defendant, KW POMPANO BEACH, LLC d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA (hereinafter "Defendant"), and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil

cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida.

3. At all times material hereto, the Defendant, KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA was and is a foreign limited liability company with its principal address located at 848 Brickell Avenue, Suite 1100 Miami, Florida, 33131.

4. Venue is proper in this Court as the Defendant's principal place of business is within Miami-Dade County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

5. On or about October 21, 2023, Plaintiff was a guest and lawfully present business invitee at the Fort Lauderdale Marriot Pompano Beach Resort and Spa located at 1200 N. Ocean Boulevard, Pompano Beach, Broward County, Florida. This resort hotel was at that time, and continues to be, owned, operated and/or maintained by the Defendant.

6. At all times material hereto, certain of the raised curbs of the Defendant's parking lot were painted black and of similar color to the adjacent black asphalt parking lot surface and contained changes in elevation comprised of a single step down from the curb into the parking lot. The single step down off the curb did not have any contrast markings. As a result of the similar color of the curbs and the asphalt parking lot surface, and the lack of contrast markings, the change in elevation created an optical illusion of a level floor, and the change in elevation was difficult to perceive.

7. At all times material hereto, the change in elevation was the step down from the curb painted black and onto the black asphalt parking lot surface. Additionally, the change in elevation from the curb to the asphalt parking lot surface was a single five-and-a-half-inch step measuring less than six inches in height along a means of egress, without a ramp equipped with either handrails or floor finish materials that contrast with adjacent floor finish materials. Therefore, this change in elevation constituted a dangerous route of ingress and egress and failed to comply with applicable codes, standards and/or ordinances.

8. On the above date, Plaintiff was a paying guest of the Defendant's resort hotel and was walking out to the parking lot. While walking toward the parking lot after exiting the subject premises, Plaintiff fell due to being unable to appreciate the above-mentioned step down from the black painted curb into the parking lot.

9. As a result of the fall, Plaintiff sustained permanent bodily injury.

## COUNT I - PREMISES LIABILITY AS TO THE DEFENDANT, KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 9 above as though they had been set forth herein and further states:

10. At all times material hereto, the Defendant, by and through its employees, agents, apparent agents, assigns, representatives and/or servants owed a non-delegable duty to Plaintiff, as its invitee, to maintain its premises in a reasonably safe condition, and to warn Plaintiff of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff.

b) Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition.

c) Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff.

d) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant.

e) Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

f) Negligently creating or constructing the subject curb along a means of egress in a manner which contained an elevation change measuring less than six inches without a ramp equipped with either handrails or floor finish materials that contrast with adjacent floor finish materials, and thus creating a dangerous condition.

g) Negligently allowing the negligently constructed curb along a means of egress in a manner which contained an elevation change measuring less than six inches without a ramp equipped with either handrails or floor finish materials that contrast with adjacent floor finish materials to remain on its premises without remedying the dangerous condition;

h) Negligently creating a dangerous conditions by having unexpected changes in elevation without adequate warning;

4

i) Negligently creating an optical illusion by failing to finish the curb with a floor finish material that contrasted with the adjacent parking lot surface which made it difficult for individuals, such as Plaintiff, to appreciate changes in elevation.

11. As a direct and proximate result of the Defendant, KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in her favor against the Defendant, KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, and for any other relief this Court deems just and proper.

## COUNT II – NEGLIGENT CONSTRUCTION/DESIGN

12. At all times material hereto, Defendant, KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA, had a non-delegable duty to Plaintiff, as its invitee, to maintain its property in a reasonably safe condition, such that no abrupt and unappreciable changes in elevation existed on the walkways on its premises, and such that where there was an elevation change measuring less than six inches along a means of egress it was ramped and equipped with either handrails or floor finish materials that contrast with adjacent floor finish materials.

13. At all times material hereto, Defendant, had a duty to warn persons such as the Plaintiff of a dangerous condition about which Defendant had, or should have had, knowledge greater than that of the Plaintiff, and/or a duty to correct a dangerous condition about which Defendant either knew or should have known, by the use of reasonable care.

14. At all times material hereto, Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

   a) Negligently designing or constructing the curbs on its premises in a manner which created and/or allowed a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;

   b) Negligently designing curbs which had changes in elevation which were difficult to perceive;

   c) Negligently constructing curbs which had changes in elevation which were difficult to perceive;

   d) Negligently constructing, designing and allowing the subject Premises to be unreasonably safe for business invitees, including the Plaintiff, to safely traverse;

   e) Negligently failing to properly construct, design, maintain or adequately maintain the Premises to prevent Plaintiff from encountering a hazardous condition;

   f) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

   g) Negligently failing to barricade, restrict, or otherwise prevent persons such as Plaintiff from encountering the hazardous condition on the premises;

h) Negligently failing to warn of one or more of the above-referenced dangerous conditions that existed at the time of the Plaintiff's incident about which Defendant had, or should have had knowledge greater than that of Plaintiff; and/or

i) Was otherwise negligent in the ownership, construction, design, care, maintenance and/or repair of the premises, so as to cause the Plaintiff's injuries.

15. That the Defendant, its agents, servants and/or employees was negligent in that it violated its duty to persons on the aforesaid premises and to this Plaintiff in particular, in knowingly permitting, suffering and allowing the aforesaid premises to be, become and remain in a defective, unsafe and dangerous condition, and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid Premises.

16. That Defendant knew or in the exercise of reasonable care should have known of the existence of the dangerous condition on the Premises and should have taken action to remedy same; that said dangerous condition had existed for a sufficient length of time that, in the exercise of reasonable care, the Defendant knew or should have known of the condition and should have taken action to remedy same.

17. As a direct and proximate result of the Defendant, KW POMPANO BEACH, LLC, d/b/a FORT LAUDERDALE MARRIOT POMPANO BEACH RESORT AND SPA's, negligence as alleged above, Plaintiff fell and suffered permanent bodily injuries in and about her body and extremities, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future, and aggravation of previously

existing condition. These losses are either permanent and continuing and Plaintiff will suffer these losses in the future.

## DEMAND FOR JURY TRIAL

Plaintiff, SUZANNE MCKERNAN, demands trial by jury on all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished through the E-Filing Portal on this 7th day of September, 2023.

/s/Jared Ross, Esq.
**Jared Ross, Esq.**
Florida Bar Number: 0083857
MORGAN & MORGAN, P.A.
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1000
Miami, FL 33126
Telephone: (786) 450-5829
Facsimile: (786) 450-5897
Primary Email: jross@forthepeople.com
Secondary Email: shenderson@forthepeople.com